Satinderpal **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–73598.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Audrey B. Hemesath, San Francisco, CA, USSAC–Office of the U.S. Attorney, Sacramento, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Satinderpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

■ We conclude that the BIA's adverse credibility determination was supported by substantial evidence because the IJ's negative assessment of Singh's demeanor was detailed and the IJ cited particular examples in the testimony. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999).

■ Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Because Singh's claim under the CAT is based on the same testimony that the IJ and BIA found not credible, and he points to no other evidence that he could claim the IJ and BIA should have considered in making a determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**